## FOURTH DEPARTMENT, MAY, 1962

### (May 10, 1962)

■ SALVATORE J. PIAZZA, Doing Business as RANSOMVILLE GENERAL HOSPITAL, Respondent, v. TOWN ASSESSOR OF THE TOWN OF PORTER, Appellant.— Order unanimously reversed, without costs of this appeal to either party, and a new trial granted. Memorandum: The finding of the trial court that petitioner's hospital building had depreciated $399,088.80 in value (45% of its reproduction cost) as a result of functional obsolescence is against the weight of the evidence. "Functional obsolescence is loss of value brought about by failure or inability to deliver full service. It includes * * * any loss of value by reason of short-comings or undesirable features contained within the property itself." (Assessors Manual, issued, 1957, by State Board of Equalization and Assessment, vol. 4, p. 164.) It is loss of utility and failure to function due to inadequencies of design and deficiencies in the property. (Friedman, Encyclopedia of Real Estate Appraising, pp. 49, 50; McMichael's Appraising Manual [4th ed.], p. 51.) The evidence does not disclose any loss of utility, failure to function, undesirable features, or deficiencies in the hospital building which support the court's finding. The trial court's finding that the hospital building had depreciated $88,686.40 (10% of its reproduction cost) as a result of economic obsolescence is also against the weight of the evidence. Economic obsolescence is loss of value brought about by conditions that environ a structure, such as a declining location or the down-grading of a neighborhood resulting in reduced business volume. (Assessors Manual, *supra*, p. 165; Friedman, Encyclopedia of Real Estate Appraising, pp. 49, 50; McMichael's Appraising Manual [4th ed.], p. 51.) It is possible, as suggested in respondent's brief, that the location of petitioner's hospital in a rural area in which an industrial plant has been closed, might result in such a low business volume that it could not with prudent management be there operated at a profit. Petitioner failed, however, to produce any evidence to that effect and there was no proof before the court which supported its finding of economic depreciation. Whether or not respondent may obtain relief upon this or any different theory is a question we do not pass upon. (Appeal from order of Niagara Trial Term reducing the assessment of petitioner's real property for 1958 and 1959.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.