Doris MACARO

v.

TOWN OF WINDHAM.

Supreme Judicial Court of Maine.

Argued Nov. 15, 1983.

Decided Dec. 8, 1983.

Thomas H. Kelley (orally), Pine Tree Legal Assistance, Inc., Portland, for plaintiff.

Charles A. Lane (orally), Lane & Johns, Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

The defendant, Town of Windham, appeals from an order of the Superior Court (Cumberland County) reversing the action of the State Board of Assessment Review. The Board denied plaintiff's request for an abatement of real estate taxes for the tax year 1978 finding that she was able to contribute to the public charge. (36 M.R.S.A. § 841(2) (Supp.1982–1983)). The sole issue on appeal is whether there is substantial evidence in the record before the Board to support the denial of plaintiff's request. The Superior Court found the record to be deficient. We are in agreement with the Superior Court and we deny the appeal.

The record reveals that during the relevant time period, plaintiff lived in Windham in a mobile home owned by her. In 1978 the assessed value of the home and the land on which it is located was $17,870.00. The property was subject to a bank mortgage calling for monthly payments of $113.33. The only other asset owned by plaintiff was a 1967 Volkswagen. Her monthly income was $224.40, received in the form of social security benefits and SSI

payments. Her expenses for necessities (including real estate taxes) amounted to $373.63 per month. At various times she also received general assistance and food stamps.

Plaintiff first applied to the Town for a poverty abatement of the $305.58 real estate taxes assessed for 1978. Action on her request was deferred and ultimately she paid the taxes, borrowing the money from her mother. Subsequently, plaintiff filed a second request for an abatement of her 1978 taxes. Her request was denied by the Town of Windham, and she appealed to the State Board of Assessment Review pursuant to 36 M.R.S.A. § 843 (1978).

The Board conducted a *de novo* hearing and received evidence from the plaintiff that her mother had paid the balance on the bank mortgage in 1979 and that as a result she was indebted to her mother in the sum of $5,000.00. She testified that she was repaying her mother at the rate of $100.00 per month. The Board found that plaintiff was able to contribute to the public charges. The relevant part of the Board's decision reads as follows:

> Based upon the evidence and exhibits presented by the Petitioner, the Board finds that the Petitioner was able to contribute to the public charges during the years in question. By her own testimony her real property, which has an assessed value of $18,500.00, is debt free. Although the petitioner claims a debt of approximately $5,000.00 to her mother who paid off petitioner's existing mortgage at Sun Savings and Loan Association, the Board, based upon the testimony and evidence presented, questions the terms of repayment if in fact any obligation exists. The Board further finds that the tax involved is so small as to make payment clearly within Mrs. Macaro's reach.

> Mrs. Macaro received approximately $3,000.00 a year from the Social Security

Administration. In addition, she received general assistance from the Town, food stamps, and other forms of relief. She is able to own and operate an automobile, pay for automobile and homeowner's insurance, and pay upwards of $60.00 a year to have her driveway plowed. It is highly unlikely that Mrs. Macaro could live for less elsewhere even if we include low income housing among the alternatives and factor in the real property taxes as an expense of her present monthly cost for shelter.

> Furthermore, Mrs. Macaro owns real estate valued at $18,500.00 and, excepting questionable obligations to her mother, is debt free. This Board finds that the petitioner is able to contribute to the public charges and that she should receive no abatement.

■ Our review of the Board's decision is controlled by 5 M.R.S.A. § 11007(3) and (4) and we do not accord any special déférence to the review conducted in the Superior Court. *Gulick v. Board of Environmental Protection*, 452 A.2d 1202, 1209 n. 6 (Me. 1982). The legislature authorized a poverty abatement of real estate taxes by enacting 36 M.R.S.A. § 841(2) which provides as follows:

> The municipal officers or the State Tax Assessor for the unorganized territory may, on their own knowledge or on written application therefor, make such abatements as they believe reasonable in the real and personal taxes on all persons who, by reason of infirmity or poverty, are in their judgment unable to contribute to the public charges.[1]

The inquiry on review may be stated simply: Does the record, as a whole, contain such relevant evidence as a reasonable mind might accept as adequate to support the conclusion that plaintiff failed to establish that she was unable to contribute to the public charges. *Bruk v. Town of Georgetown*, 436 A.2d 894, 898 (Me.1981).

---

1. The parties have not questioned the applicability of the above-quoted statute. It is virtually identical to the prior provision contained in 36 M.R.S.A. § 841(5), repealed by P.L.1979, ch. 73.

■ The evidence of plaintiff's financial circumstances establishes her inability to contribute to the public charges in 1978. According to an exhibit prepared by the town and verified by the Town's welfare director, plaintiff's necessary expenses, *including* the real estate taxes and mortgage payments, exceeded her income by approximately $150.00 per month. Although the Board did not expressly rule that plaintiff had no obligation to repay the sum advanced by her mother for retirement of the mortgage balance, it did question whether any repayment obligation exists. The Board would have been entitled to conclude that plaintiff's obligation to pay $100.00 per month to her mother was nonexistent and this Court would defer to that factual finding. On this appeal the Town argues that plaintiff's financial ability is demonstrated by the fact that she claimed to be paying her mother $100.00 per month; the Board remained unpersuaded that the payments were being made; and, therefore, the Town argues that the record supports the conclusions that she had $1,200.00 in available funds during the tax year.

The Town's argument is fallacious, for even if the repayment obligation is phantom, the available funds generated by excluding the monthly repayment from plaintiff's monthly budget are likewise phantom. The record reveals that plaintiff's monthly expenses, *exclusive* of real estate taxes *and* the payment to her mother, exceeded her monthly income during 1978 and 1979. Under these circumstances, the Board was compelled to conclude that the record demonstrated plaintiff's inability to contribute to the public charges. The contrary finding of the Board is clearly erroneous and unsupported by adequate evidence.

■ Seemingly the Board relies on plaintiff's ownership of an unencumbered asset, her home, as additional support for its conclusion. The obvious purpose of 36 M.R.S.A. § 841(2) is to prevent towns from forcing the sale of property in order to collect taxes from those otherwise unable to pay. Although plaintiff possesses a valuable as-set, in the absence of any ability on her part to repay a loan, reliance on the existence of that asset to deny a poverty abatement would render the provisions of section 841(2) self-defeating.

We conclude that the Superior Court did not err in reversing the decision of the Board.

The entry must be:

Judgment affirmed.

All concurring.