**Frederick and Nora DREBELBIS**

v.

**TOWN OF BRISTOL.**

Supreme Judicial Court of Maine.

Argued Jan. 6, 1987.

Decided Feb. 4, 1987.

Fitzgerald, Conley & Haley, Duane D. Fitzgerald, John J. Sears (orally), Bath, for plaintiffs.

Snyder & Jumper, Ervin D. Snyder (orally), Wiscasset, for defendant.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

WATHEN, Justice.

Plaintiffs Frederick and Nora Drebelbis appeal from an order of the Superior Court (Lincoln County) denying their appeal from a decision of the County Commissioners granting only a portion of a requested tax abatement. Plaintiffs contend that the partial abatement is not supported by substantial evidence and argue that the entire abatement should have been granted. We find no error and we deny the appeal.

The relevant facts may be summarized as follows: In 1983 as a part of a property revaluation in Bristol, plaintiffs' 94+ acres of land were valued by the Town at $424,300. When their request for an abatement was denied, plaintiffs filed a petition for tax abatement with the Lincoln County Commissioners. The Commissioners conducted a hearing and received appraisal testimony from both the Town and plaintiffs. The plaintiffs' appraisers valued the property at $300,000. After the hearing, the Commissioners reduced the Town's assessment by $49,000. Plaintiffs filed a complaint with the Superior Court for review pursuant to M.R.Civ.P. 80B. The Superior Court remanded the case to the County Commissioners for more detailed findings. In the additional findings, the Commissioners stated that they adopted the approach of the plaintiffs' appraisers with the exception of an "annuity discount factor." The Superior Court found these findings to be supported by substantial evidence on the record.

On appeal, plaintiffs contend that the County Commissioners had only two options: the original value reached by defendant's appraisers or the $300,000 value proposed by the plaintiffs. This contention is without merit. Tax assessment requires that an estimate of just value be made; such a procedure is inherently inexact. *Shawmut Inn v. Town of Kennebunkport,* 428 A.2d 384 (Me.1981). After review of extensive appraisals and estimates provided by both plaintiffs and defendants, the County Commissioners accepted every aspect of the appraisal method offered by the plaintiffs with the exception of downward adjustment to reflect an "annuity discount factor." We conclude that the record does not compel the acceptance of such an adjustment and further conclude that the Superior Court was correct in finding substantial evidence to support the decision of the County Commissioners.

The entry must be:

Judgment affirmed.

All concurring.