Ruby JOYCE, et al.

v.

TOWN OF LYMAN.

Supreme Judicial Court of Maine.

Argued Oct. 4, 1989.
Decided Oct. 11, 1989.

Thomas H. Kelley (orally), Pine Tree Legal Assistance, Inc., Portland, for plaintiff.

William H. Dale (orally), Jensen, Baird, Gardner & Henry, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

McKUSICK, Chief Justice.

Relying upon 36 M.R.S.A. § 841(2) (Supp. 1988), Ruby and Gordon Joyce petitioned the Town of Lyman for a poverty abatement of $457.32 on their 1983 property tax bill. On the *de novo* appeal from the Town's denial of their petition, the county commissioners of York County, after hearing, denied the Joyces' petition. In the Joyces' action for direct judicial review, the Superior Court (York County, *Brennan, J.*)

affirmed the decision of the county commissioners and so do we.

The Joyces' principal argument on appeal is that the county commissioners' ultimate finding of fact is clearly erroneous. As petitioners for a poverty abatement, the Joyces had the burden of proving that they were "unable to contribute to the public charges." 36 M.R.S.A. § 841(2). To prevail on this issue on appeal, the Joyces must persuade the reviewing court that the record before the county commissioners compelled a finding that the Joyces were indeed unable to contribute to the public charges. *See Luce v. Hoefler*, 464 A.2d 213, 215 (Me.1983). *Cf. Macaro v. Town of Windham*, 468 A.2d 604, 606 (Me.1983) (Superior Court properly reversed poverty abatement denial where "the Board [considering the abatement petition] was compelled to conclude that the record demonstrated plaintiff's inability to contribute to the public charges"). The evidence before the county commissioners, even if believed, fell well short of making any such compelling case. Furthermore, the county commissioners found that the Joyces' only witness was not credible.

Neither of the Joyces' other contentions merits discussion.

The entry is:

Judgment affirmed.

All concurring.