**Sheldon GILMORE, et al.**

v.

**CITY OF BELFAST.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 4, 1990.
Decided Oct. 15, 1990.

David M. Glasser, Lincolnville, for plaintiffs.

John L. Carver, Belfast, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

CLIFFORD, Justice.

Sheldon Gilmore and Joan Gilmore appeal from the judgment of the Superior Court (Waldo County, *Chandler, J.*) affirm-

ing the action of the Belfast Board of Assessment Review denying the Gilmores tax abatements for their 1986 and 1987 real estate taxes. We find no legal error in the denial of the tax abatements and affirm the judgment.

The Gilmores are joint owners of real estate at 15 Union Street in Belfast. Pursuant to 36 M.R.S.A. § 841 (Supp.1989),[1] they applied to the Belfast City Council for abatement of their real estate taxes for the years 1986, 1987 and 1988 on the basis of their poverty. After a hearing before the City Council in February 1989, the Council fully abated the Gilmores' 1988 taxes but declined to abate the taxes for 1986 and 1987.[2]

Pursuant to 36 M.R.S.A. § 843(1) (Supp.1989),[3] the Gilmores appealed the denial of the abatements for 1986 and 1987 to the Belfast Board of Assessment Review. The Board held a hearing, only part of which was recorded, but did not render a decision. The Board's failure to act constituted a denial of the Gilmores' request for abatement. *See* 36 M.R.S.A. § 843(1). Pursuant to section 843(1), the Gilmores appealed to the Superior Court. The court found no error in the Board of Assessment Review's denial of the requested abatement

1. 36 M.R.S.A. § 841(2) (Supp.1989) provides in pertinent part:

   The municipal officers ..., within 3 years from commitment, may, on their own knowledge or on written application therefor, make such abatements as they believe reasonable on the real and personal taxes on all persons who, by reason of infirmity or poverty, are in their judgment unable to contribute to the public charges. The municipal officers ... may extend the 3-year period within which they may make abatements under this section.

2. The Gilmores were informed of the City Council decision by letter from the City's attorney. 36 M.R.S.A. §§ 841(2)(F), (G) requires the City to provide an applicant for a tax abatement with written notice of its decision within 30 days of the application. The decision "shall inform the applicant of the right to appeal and the procedure for requesting an appeal." 36 M.R.S.A. § 841(2)(G); *see Dodge v. Town of Norridgewock,* 577 A.2d 346, 347 (Me.1990).

3. 36 M.R.S.A. § 843(1) (Supp.1989) provides in pertinent part:

   Where the municipality has adopted a board of assessment review, if the assessors or the municipal officers refuse to make the abatement asked for, the applicant may apply in writing to the board of assessment review within 60 days after the notice of the decision from which the appeal is being taken or after the application is deemed to have been denied, and, if the board thinks he is over-assessed, he shall be granted such reasonable abatement as the board thinks proper. Except with regard to nonresidential property with an equalized municipal value of $500,000 or greater, either party may appeal from the decision of the board of assessment review directly to the Superior Court, in accordance with Rule 80B of the Maine Rules of Civil Procedure. If the board of assessment review fails to give written notice of their decision within 60 days of the date the application is filed, unless the applicant agrees in writing to further delay, the application shall be deemed denied and the applicant may appeal to Superior Court as if there had been a written denial....

   A hearing before a board of assessment review is de novo. *See Dodge,* 577 A.2d at 347.

**700**

and denied the Gilmores' appeal. The appeal to this court followed.

■ We review directly the de novo decision of the Board of Assessment Review. *Macaro v. Town of Windham*, 468 A.2d 604, 605 (Me.1983). Pursuant to 36 M.R.S.A. § 841(2), the Gilmores had the burden to convince the Board that by reason of poverty they were unable to contribute to the public charges. *Joyce v. Town of Lyman*, 565 A.2d 90 (Me.1989). Because the Gilmores had the burden of proof before the Board, they must demonstrate on appeal that the Board of Assessment Review was *compelled* to find them unable to contribute to the public charges because of their poverty. *Joyce*, 565 A.2d at 90.

■ The Gilmores contend that because the City Council abated their 1988 taxes, the City Council made an express or implied finding that, at the time of the hearing before the City Council, the Gilmores were unable to contribute to the public charges because of poverty, and that that finding binds the City with respect to the 1986 and 1987 petitions. We disagree. The issue before the Board was the abatement application for 1986 and 1987. The abatement granted by the City Council for 1988 was not before the Board. The Gilmores are not as a matter of law entitled to an abatement on their 1986 and 1987 taxes solely because their 1988 taxes were abated by the City Council.

■ The City Council has broad authority to determine if a taxpayer is unable to contribute to the public charges, and if so,

to "make such abatements as they believe reasonable...." 36 M.R.S.A. § 841(2). The Board of Assessment Review has similar authority in its de novo review. 36 M.R.S.A. § 843. Contrary to the contentions of the Gilmores, those statutes do not mandate that the determination of poverty must be made only on the basis of circumstances existent at the time of the hearings before the City Council or the Board of Assessment Review. Rather, the City Council and the Board of Assessment Review may take into account all of the facts and circumstances relevant to the taxpayer's alleged inability to pay. *See Macaro*, 468 A.2d at 606.

Only a partial transcript of the hearing before the Board of Assessment Review appears in the record. Most of the record evidence applies to the Gilmores' circumstances in 1988. There is little evidence concerning the Gilmores' income and expenses for 1986 and 1987. On this record, we cannot say that the Board of Assessment Review was compelled to grant abatements for the years 1986 and 1987. *Joyce*, 565 A.2d at 90.

The entry is:

Judgment affirmed.

All concurring.