**Jay C. EDWARDS**

v.

**TOWN OF YORK, et al.**

Supreme Judicial Court of Maine.

Argued Sept. 3, 1991.

Decided Oct. 7, 1991.

Catherine O'Connor, F. Paul Frinsko (orally), Bernstein, Shur, Sawyer & Nelson, Portland, for appellant.

E. Stephen Murray (orally), John C. Bannon, Murray, Plumb & Murray, Portland, for appellee.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

WATHEN, Justice.

Jay C. Edwards appeals from a Superior Court judgment (York County, (*Fritzsche, J.*) affirming the decision of the York Harbor Port Authority denying Edwards' mooring application. He argues: (1) that the Authority misconstrued the term "practicable" as found in 38 M.R.S.A. § 3 (1989), and (2) failed to make adequate findings of fact to support its decision. Finding no error, we affirm.

Edwards is the owner of a shorefront parcel of land in York. He filed an application with the Authority for permission to locate a mooring fronting his property. After hearing, the Authority found that mooring Edwards' forty-foot boat in the location would impede navigation and create a safety hazard. Edwards appealed without requesting further findings of fact. The Superior Court affirmed the Board's decision and this appeal followed.

I.

Municipal regulation of harbors and moorings is governed by 38 M.R.S.A. §§ 1–12 (1989 & Supp.1990) and provides, in pertinent part:

Whenever practicable, the harbor master shall assign mooring privileges in those waters where individuals own shore rights to a parcel of land, are masters or owners of a boat or vessel and are complainants, and shall locate suitable mooring privileges therefor for boats and vessels, temporarily or permanently, as the case may be, fronting their land, if so requested, but not to encroach upon the natural channel or channels established by municipal officers....

38 M.R.S.A. § 3.

Pursuant to the statute, the Town of York has adopted rules and regulations governing the moorings within York Harbor. The regulations provide that:

The Harbor Master shall insofar as the same may be done ... with due regard for the safety of other vessels and of navigation ... assign mooring privileges in all cases where individuals who own or have an interest in shore rights are complainants, and shall locate suitable mooring privileges temporarily or permanently, fronting their land if so requested, but not so far as to encroach upon the natural channel or channels established by this authority.

Under both the statute and the regulation, the Authority is directed to grant a mooring privilege when practicable. In another context, we have stated that "[a]n act is practicable if the conditions and circumstances are such as to permit its performance or render it feasible. To be 'feasible' is to be capable of being successfully accomplished." *Hillock v. Bailey*, 223 A.2d 426, 433 (Me.1966).

Section 3 is not restricted to providing shorefront property owners mooring privileges. It is also intended to ensure safe navigable channels within the harbor. The Authority found that mooring Edwards' boat in front of his property would create a hazard to navigation and would pose an "unreasonable threat of injury to the riparian owner or other harbor users." Because Edwards bore the burden of proof before the Authority, and because the record does not compel a finding that the mooring was practicable and safe, we have no occasion to disturb the Authority's findings of fact. *See Waltman v. Town of Yarmouth*, 592 A.2d 1079, 1080 (Me.1991).

## II.

Edwards argues the Authority's findings do not provide an adequate record for review. Under 1 M.R.S.A. § 407 (1989), agencies are required to make written findings of fact sufficient to apprise an applicant or any other member of the public of the basis for its decision. "[T]his statute does not require the [Authority] to include a complete factual record with its decision, it does require a statement of facts sufficient to show a rational basis for the decision." *Your Home, Inc. v. City of Portland*, 432 A.2d 1250, 1257 (Me.1981).

The Authority's findings referred to a statement by the Harbor Master that, in his opinion, granting Edwards' request would create navigational hazards. The Authority stated that it had reviewed the site and agreed with the Harbor Master, stating: "Port Authority members feel it would be a hazard to navigation to place a mooring in this area for this size boat. It would cause an unreasonable threat of injury to the riparian owner or other harbor users, both transiting the area or at dock or mooring." The findings are sufficient to provide a rational basis for the decision.

Edwards argues further that the Authority erred by relying in part on the fact that he owns dock space in order to justify the denial of his application. Because we uphold the Authority's determination that locating a mooring for Edwards' boat fronting his property was impracticable, we need not decide whether a private dock can be considered a mooring under the statute.

The entry is:

Judgment affirmed.

All concurring.