**TOWN OF STEUBEN**

v.

**Peter LIPSKI.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 24, 1992.

Decided Feb. 13, 1992.

William B. Talbot, Talbot & Talbot, Machias, for plaintiff.

Daniel M. Lay, Eaton, Peabody, Bradford & Veague, Bangor, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

CLIFFORD, Justice.

This case, appealed by defendant Peter Lipski from a decision of the Superior Court (Washington County, *Alexander, J.*), presents the issue of whether the property tax abatement granted to Lipski by the Washington County Commissioners is based on substantial evidence. We conclude that it is and vacate the Superior Court judgment nullifying the abatement.

Lipski, a property owner in the Town of Steuben, requested from the Town assessors an abatement of his 1989 property valuation of $53,140. *See* 36 M.R.S.A. § 841 (1990 & Supp.1991). The Town denied his request and Lipski appealed to the Washington County Commissioners. *See* 36 M.R.S.A. § 844 (1990 & Supp.1991). The Commissioners granted Lipski an abatement of $6000,[1] reducing the valuation of his property to $47,140. The Commissioners made no findings of fact and none were requested. The Town appealed to the Superior Court, *see* 36 M.R.S.A. § 844, which concluded that there was an insufficient basis for the Commissioners decision and vacated the abatement. This appeal by Lipski followed.

We review the decision of the Commissioners directly. *Advanced Medical Research Found. v. Town of Cushing,* 555 A.2d 1040, 1041 (Me.1989), to determine if that decision is supported by substantial evidence in the record. *See Drebelbis v. Town of Bristol,* 520 A.2d 709, 710 (Me. 1987). The substantial evidence test is identical to the "clear error" standard used in reviewing the findings of a trial court. *Gulick v. Board of Envt'l Protection,* 452 A.2d 1202, 1207–08 (Me.1982).

The assessor's valuation is entitled to a presumption of validity, and the taxpayer has the burden to prove the assessed valuation is "manifestly wrong." *Delta Chemicals, Inc. v. Town of Searsport,* 438 A.2d 483, 484 (Me.1981). Nevertheless, the statute gives the Commissioners the authority to consider the evidence presented at the *de novo* hearing before the Commission, *see Gilmore v. City of Belfast,* 580 A.2d 698, 700 (Me.1990), and to "grant[ ] such reasonable abatement as the Commissioners think proper." 36 M.R.S.A. § 844. Moreover, when, as here, the Commissioners have not made subsidiary findings of fact and none have been requested, we will assume that the Commissioners resolved all factual issues in favor of the prevailing party. *See Advanced Medical Research Found.,* 555 A.2d at 1041.

Lipski testified in detail concerning the characteristics of his property and described other properties with similar characteristics but with significantly different valuations. In addition, he presented the Commissioners with a list of other comparable properties and their valuations. The Town assessors also testified before the Commissioners and presented their own list of comparable properties.[2] Deferring to the Commissioners' assessment of the credibility of those witnesses and the evidence before them, we cannot say that on this record there is no substantial evidence to support the Commissioners' decision. The fact that inconsistent conclusions could be drawn from the record does not preclude the Commissioners' decision from being supported by the evidence. *Gulick,* 452 A.2d at 1208. We discern no clear error in the Commissioners' determination

---

1. *Lipski* had requested an $18,000 abatement.

2. Neither Lipski's nor the assessors' property lists were part of the record before the Superior Court or this court.

that Lipski was entitled to a $6000 abatement.

The entry is:

Judgment vacated. Remanded to Superior Court for entry of judgment for defendant.

All concurring.