1999 ME 157

**Walter L. PEPPERMAN II and T. Ann Pepperman**

v.

**TOWN OF RANGELEY.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 14, 1999.

Decided Nov. 1, 1999.

---

Walter L. and T. Ann Pepperman, Oquossoc, for plaintiffs.

Stephen E.F. Langsdorf, Preti, Flaherty, Beliveau, Pachios & Halley, LLC, Augusta, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

RUDMAN, J.

[¶ 1] Walter L. Pepperman II and T. Ann Pepperman appeal from a judgment entered in the Superior Court (Franklin County, *Marden, J.*) affirming the decision of the Rangeley Board of Assessment denying them an additional abatement of the real property taxes assessed on their residential property. The Peppermans contend that the Board of Assessment violated the applicable governing law by failing to consider functional obsolescence as a factor in determining the property's just value and, thus, the Board's valuation was flawed. We disagree and affirm the judgment.

[¶ 2] The Peppermans first sought and were granted an abatement from the assessor. They appealed from the assessor's decision reducing the valuation of their property by $10,000 to a total of just over $300,000 to the Board. Before the Board, the Peppermans primarily argued that the tax assessor's failure to consider functional obsolescence resulted in an overvaluation of their property. The issue of functional obsolescence centered on the valuation of the oversized barn adjacent to the Peppermans' residence. After testimony and argument which lasted almost three hours, the Board denied the Peppermans further abatement.

[¶ 3] We review the Board's decision de novo to determine whether it correctly applied the law of property valuation. *See Nugent v. Town of Camden,* 1998 ME 92, ¶ 7, 710 A.2d 245, 247. No special deference is accorded to the review conducted in the Superior Court on this matter.[1] *See Macaro v. Town of Windham,* 468 A.2d 604, 605 (Me.1983).

[¶ 4] The Peppermans' assertion that their assessment was illegal due to the failure of the Board to consider functional obsolescence must be rejected. The controlling statute requires the Board to

---

1. Both parties confused and conflated the statutory mandate requiring Boards of Assessment to consider functional obsolescence when assessing real property with the prohibition on substantially overvaluing the assessed property. *See* 36 M.R.S.A. § 701–A (1990 & Supp.1998); *Sears, Roebuck & Co. v. City of Presque Isle,* 150 Me. 181, 188–189, 107 A.2d 475, 479 (1954). As the *Sears, Roebuck & Co.* holding makes clear, these two grounds for overturning an assessment are independent of each other; either one standing alone invalidates an assessment.

"*consider* all relevant factors, including ... functional obsolescence ...." 36 M.R.S.A. § 701–A.[2] (emphasis added). Here, the record reflects that the Board considered functional obsolescence and declined to apply it to the Peppermans' detached barn. The Peppermans presented the Board substantial evidence on functional obsolescence. The Board weighed the evidence submitted on the issue, and made no allowance for functional obsolescence in its determination of the just value of the Peppermans' property. The Board did not violate section 701–A. The assessment was legal.

The entry is:

Judgment affirmed.

---

2. Section 701–A does not define the term "functional obsolescence" in its text and no Maine case law has specifically addressed the phrase's meaning. In dicta, we described one example of functional obsolescence: "Because of the shopping center's dated architectural style, low energy efficiency, and particular floor layout, it suffers from substantial functional obsolescence." *Town of Sanford v. J & N Sanford Trust*, 1997 ME 97, ¶ 13, 694 A.2d 456, 457. This explanation of the term as relating to a property's loss of value due to poor or disfavored design parallels how the term has been defined in foreign jurisdictions.

'Functional obsolescence' is the loss of value brought about by the failure or inability to deliver full service. It includes any loss of value by reason of shortcomings or undesirable features contained within the property itself. It is the loss of utility and failure to function due to inadequacies of design and deficiencies in the property.

98 N.Y. Jur. 2d *Taxation and Assessment* § 308 n. 52 (1992) (citing *Piazza v. Town Assessor of Porter*, 16 A.D.2d 863, 228 N.Y.S.2d 397, 398 (1962)).