STATE OF MAINE
CUMBERLAND, ss.

[    ] :: P - 7  P 5: 21

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-99-92
REC - CUM - 9/7/2000

STEPHEN G. YUSEM,                    )
                                     )
            Plaintiff,               )
                                     )
v.                                   )            ORDER ON 80B APPEAL
                                     )
TOWN OF RAYMOND,                     )
                                     )
            Defendant.               )


FACTUAL BACKGROUND

Plaintiff Stephen Yusem owns 2.3 acres of shore-front property on Sebago Lake. He bought the property in October of 1996 for $535,000. Record ("R."), Tab 5 at 74, 76. The property is improved with a 100-year-old vacation home, a boathouse and a pier. In October of 1998, the Town of Raymond ("Town") assessed Plaintiff's property at $447,063 for the 1998-1999 tax year, consisting of $356,652 for the land and $90,411 for the improvements. R. at Tab 1. In conducting the assessments, the Town used its own formula for assessment, designed to more closely align assessed values with prices at which property was sold. Prior to the use of the Town's new formula, the assessments had represented only 80% of the sales prices. After the formula was instituted, the assessments represented 101% of the sales prices.

On December 22, 1998, Plaintiff requested a $200,000 abatement of his property assessment from the Raymond Board of Assessors. R. at Tab 2. In his application

for abatement, Plaintiff alleged that the assessor did not take into consideration deed restrictions and a 400-500 foot long right of way as required by statute, that the property was over-valued, that the property's value as assessed was inexplicably higher than surrounding properties, and that the assessment was discriminatory. Plaintiff presented no appraisal of his property. Plaintiff submitted no evidence as to how much the value of his property would be reduced if the assessor had considered the appropriate criteria.

The Raymond Assessors denied Plaintiff's application for abatement on January 19, 1999. Their decision was based on the finding that Plaintiff failed to provide evidence of the surrounding properties' relatively lower assessments, failed to present evidence that would support a lower valuation of his property and did not submit contrary evidence of the property's fair market value.

Plaintiff appealed to the Cumberland County Commissioners ("Commissioners") on March 5, 1999. At a hearing held on August 10, 1999, Plaintiff presented evidence that the Assessor did not consider all the factors enumerated in 36 M.R.S.A. § 701-A to determine the just value of the property. At the hearing, the Assessor testified that he did not consider the factors of § 701-A. Plaintiff further showed that Lot 5A, adjacent to his own Lot 5, was assessed at $495,407[1]. Because the Assessor had based his assessment on an erroneous assumption that Plaintiff's land

---

[1] Michael O'Donnell, the assessor, testified that Lot 5A's acreage is over 4 acres and the house on it is a full-year, "absolutely beautiful" house, as compared with the seasonal cottage on Plaintiff's property on 2.3 acres. O'Donnell also testified that the "assessment on 5A is inappropriate relative to its market value. I would call that a clear case of an assessing mistake.... its current assessed value is well below its market value." R. Tab 5 at 59.

2

was 2.84 acres, the Commissioners did grant the Plaintiff a partial abatement to account for that error. The assessed value of the Plaintiff's property was reduced $31,653 to result in a tax abatement of $453.27 for the 1998 tax year and of $449.47 for the 1999 tax year. R. at Tab 8.

The Commissioners' only findings of fact were that the Assessor overstated the area of Plaintiff's land. Plaintiff presented no evidence to the Commissioners showing how consideration of the five factors enumerated in 36 M.R.S.A. § 701-A would have resulted in a lower assessment for his property. Following the tax abatement hearing, the Commissioners concluded that "[a]fter hearing from Mr. O'Donnell, [the assessor], the Board of Commissioners are convinced that Mr. O'Donnell, although not aware of each item in each document[2], did consider all of the issues as required by law. We have determined that this is a legal assessment." R. at Tab 7.

## DISCUSSION

Pursuant to 36 M.R.S.A. § 844(1) (1990 & Supp. 1999), abatement appeal

---

[2] At the tax abatement hearing, Plaintiff introduced seven exhibits, including a warranty deed with attached restrictions. These restrictions included: single-family residential use or professional use having no effect on traffic; no erection of structures allowed other than a single-family house and auxiliary structures like guest cottages; a 75-foot buffer zone along the boundary line with Lot 1; nothing built in violation of a town ordinance; no animals other than household pets; no mobile homes on the lot; no unregistered vehicles on the lot unless they are placed in a garage; chimneys must be brick or stone; no nuisances; no signs except "for sale"; construction completed within two years of commencement.

These "restrictions" are not atypical for lots such as Plaintiff's. O'Donnell testified that although he was unaware of the specific restrictions in the Plaintiff's warranty deed he was aware of general constraints on the properties in that area. O'Donnell stated, Tab 5 at 26, that "much of the content of the [deed restriction list] is typical of other [deed restriction lists] in other deeds that I have read over the course of my work as an assessor. Many of these are very typical of any common subdivision."

3

hearings before the County Commissioners are de novo proceedings. See Central Maine Power Company v. Town of Moscow, 649 A.2d 320, 322 (Me. 1994). In ruling on the Plaintiff's application for abatement, the Town's assessment of property is initially presumed valid. See City of Biddeford v. Adams, 1999 ME 49, ¶ 13, 727 A.2d 346, 349. If the Plaintiff presents evidence to overcome the presumption of validity by proving the challenged valuation was "manifestly wrong," the Commissioners are bound to independently evaluate the fair market value of the property and grant such abatement as they think proper. See 36 M.R.S.A. § 844(1); Stewart v. Town of Sedgwick, 2000 ME 157, ¶ 9, 2000 WL 1133838, *2. This independent determination of just value is based on a review of the Assessor's decision as well as all relevant evidence presented at the tax abatement hearing. See id. The Commissioners' decision must be reviewed for abuse of discretion, errors of law, or findings unsupported by substantial evidence. See Muirgen Properties, Inc. v. Town of Boothbay, 663 A.2d 55, 58 (Me. 1995). This Court may reverse that decision if the record "compels a contrary conclusion to the exclusion of all other inferences." Weekley v. Town of Scarborough, 676 A.2d 932, 934 (Me. 1996) (quoting Douglas v. Board of Trustees, 669 A.2d 177, 179 (Me. 1996)).

Maine's Constitution requires that property be assessed for purposes of taxation "equally according to the just value thereof." ME. CONST. art. IX, § 8; see also Chase v. Town of Machiasport, 1998 ME 260, ¶ 11, 721 A.2d 636, 640. "Just value" is the most important factor in determining the propriety of an assessor's evaluation. See Quoddy Realty Corp. v. City of Eastport, 1998 ME 14, ¶ 6, 704 A.2d

4

407, 409. Generally, "just value means market value." Quoddy, 1998 ME 14, ¶ 9, 704 A.2d at 409.

In an abatement appeal proceeding, it is the Plaintiff's first burden to prove that the assessment is "manifestly wrong." See Chase, 1998 ME 260, ¶ 13, 721 A.2d at 640. To do so, the taxpayer must show one of the following:

1) The judgment of the assessors was irrational or so unreasonable in light of the circumstances that the property is substantially overvalued and an injustice results;

2) There was unjust discrimination; or

3) The assessment was fraudulent, dishonest, or illegal.

Town of Vienna v. Kokernak, 612 A.2d 870, 872 (Me. 1992); see also Chase, 1998 ME 260, ¶ 12, 721 A.2d at 640.

The Commissioners found substantial overvaluation only as to acreage and so reassessed the property. Here, rather than submitting evidence to show his property was substantially overvalued, the Plaintiff relies on the statutory definition of just value in § 701-A to argue that the assessment was illegal.

36 M.R.S.A. § 701-A (1990) states that

In the assessment of property, assessors in determining just value are to define this term in a manner that recognizes only that value arising from presently possible land use alternatives to which the particular parcel of land being valued may be put. In determining just value, assessors *must* consider all relevant factors, including without limitation, the effect upon value of any enforceable restrictions to which the use of land may be subjected, current use, physical

depreciation, functional obsolescence, and economic obsolescence[3].

(emphasis added)

This section has been interpreted to require that "all relevant factors" must be considered in addressing just value. See Glenridge Development v. City of Augusta, 662 A.2d 928, 931 (Me. 1995). Although the statute uses the word "must," there are no cases that find an assessment illegal simply because an assessor failed to consider all the factors enumerated. The Law Court stated in Quoddy that "just value is *further defined* by statute," and quoted § 701-A. Quoddy, 1998 ME 14, ¶ 9, 704 A.2d at 409 (emphasis added). The reference to § 701-A in Quoddy suggests that the Law Court would not hold that a failure to specifically consider the enumerated factors of § 701-A would render an assessment illegal, as long as the assessment determined "just value." See also J&N Sanford Trust, 1997 ME 97, ¶ 13, 694 A.2d at 459 n.3 (section 701-A *"provides guidance* to assessors for determining just value") (emphasis added). In Glenridge, for example, although the assessor should have specifically considered regulations governing the property, the Court upheld the review Board's determination that the valuation was not "manifestly wrong." Glenridge, 662 A.2d at 932. Additionally, the Law Court held that although the Plaintiff did present evidence regarding limitations and restrictions imposed on the land, he did not show how the assessor's failure to consider those factors resulted in substantial overvaluation (the first criterion). See id. In Pepperman v. Town of

---

[3] This statute was amended in 1999. It added "sales in the secondary market" to the list of considerations. The amendment was not in effect at the time of Plaintiff's assessment. Therefore, the relevant version of the statute is that before the 1999 amendment.

Rangeley, 1999 ME 157, ¶ 3, 739 A.2d 851, 852 n.1, the Law Court, however, stated that either failure to consider functional obsolescence or substantially overvaluing the property invalidates an assessment. The Law Court held that although the Plaintiff complained that the assessor did not consider functional obsolescence, the record showed that the assessor actually did consider it. See Pepperman, 1999 ME 157, ¶ 4, 739 A.2d at 852-53.

Plaintiff argues that the assessor's failure to consider all five factors enumerated in § 701-A renders the assessment illegal. It is Plaintiff's burden to prove that the enumerated factors in § 701-A were "relevant" to determining the value of his property. Furthermore, he must prove that the Assessor did not consider those relevant factors.

The Assessor's testimony regarding *his* failure to consider the § 701-A factors need not be taken at face value, nor is it determinative of the legality of the assessment by the Commissioners. See id. ("the record reflects that *the Board considered* functional obsolescence and declined to apply it to the Pepperman's detached barn") (emphasis added). It is the Commissioners' decision that must presently be reviewed. The Assessor testified at the tax abatement hearing before the Commissioners that the right of way had no impact on the Plaintiff's use of his property. Tab 5 at 44. The Assessor did not explain his consideration of functional obsolescence[4], Tab 5 at 53, or economic obsolescence, Tab 5 at 53. However, the

---

4 In Pepperman, 1999 ME 157, ¶4 n.2, 739 A.2d at 853, the Law Court defined "functional obsolescence" as "the loss of value brought about by the failure or inability to deliver full service. It includes any loss of value by reason of shortcomings or undesirable features contained within the property itself. It is the loss of utility and failure to function due to inadequacies of design and

Plaintiff presented evidence to the Commissioners regarding the § 701-A factors, and the record reflects that the Commissioners considered the evidence.[5] Because it is apparent from the record that the Commissioners considered the "relevant" evidence of the "just value" of Plaintiff's property and because the Plaintiff has failed to meet his burden to prove that the assessment was "manifestly wrong," the Commissioners' determination must be upheld.

Plaintiff also complains that the Commissioners' determination was illegal because they did not find facts; however, the requirement that the Commissioners provide a statement of facts is not strict. Under 1 M.R.S.A. § 407 (1989), the County Commissioners are required to "make written findings of fact sufficient to apprise an applicant or other member of the public of the basis for its decision." Edwards v. Town of York, 597 A.2d 412, 413 (Me. 1991). This statute does not require inclusion of a complete factual record with the decision. See id. at 413. Instead, it merely requires that the written record accompanying a decision have "a statement of facts sufficient to show a rational basis for the decision." Id. See also Chase, 1998 ME 260, ¶ 10, 721 A.2d at 639-40 (holding that even though the Commissioners' statement did not include facts regarding just value, the findings were sufficient to show a basis for the decision). The Law Court stated that "an erroneous or incomplete finding does not, by itself, constitute a violation of [1 M.R.S.A. § 407, Maine's

---

deficiencies in the property."

[5] The Commissioners referenced the Plaintiff's many arguments as well as the seven exhibits introduced by the Plaintiff before concluding that the assessment was based on a greater amount of land than the Plaintiff actually possessed.

Freedom of Information Act]." Id. Here, the Commissioners' findings of fact stated that the Assessor overstated the area of Plaintiff's land. Because the Plaintiff failed to request additional findings of fact from the Commissioners, this Court will assume that all other factual issues were resolved in favor of the Town based on the evidence in the record. See Chase, 1998 ME 260, ¶ 16, 721 A.2d at 640-41; Town of Steuben v. Lipski, 602 A.2d 1171, 1172 (Me. 1992). This determination is sufficient to show a rational basis for their decision.

The entry is

Plaintiff's 80B appeal is DENIED.

Dated:     September 7, ~~August~~  2000

Robert E. Crowley
Justice, Superior Court

9

Date Filed __10-27-99__ ___CUMBERLAND___ Docket No. __AP 99-92__

County

Action ___APPEAL- 80B___

STEPHEN G. YUSEM

THE INHABITANTS OF THE TOWN OF
RAYMOND, MAINE

DONALD L. GARBRECHT
LAW LIBRARY

OCT 1 2000

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| STEPHEN G. YUSEM ESQ    610 275-8205<br>40 EAST AIRY STREET<br>NORRISTOWN, PA    19404 | GEOFFREY H. HOLE, ESQ.,    774-1200<br>PO BOX 9729, PM   04104 |

| Date of Entry | |
|---|---|
| **1999**<br>Oct. 29 | Received 10-27-99:<br>Complaint Summary Sheet filed.<br>Review of Governmental Action Under M.R.CIV.P. 80B filed. |
| "        " | |
| Nov. 1 | On 11-1-99.<br>Briefing schedule mailed. Plaintiff's brief due 12-6-99. |
| Nov. 09 | Received 11.09.99:<br>Entry of Appearance of Geoffrey H. Hole, Esq., on behalf of defendant The Inhabitants of the Town of Raymond Maine filed. |
| Nov. 19 | Received 11/19/99:<br>Plaintiff's Motion to Suspend Time Limit Under Rule 80B filed. |
| Nov. 24 | Received 11-23-99.<br>Order filed. (Crowley, J.)<br>Plaintiff's motion to suspend time limit under Rule 80B is granted. Plaitniff's brief is due not later than 1-6-00.  It is plaintiff's responsibility to submit the record of the proceedings on or before the date that the plaitniff's brief is filed.<br>11-24-99 copy mailed to Stephen Yusem and Geoffrey Hole, Esqs. |
| **2000**<br>Jan. 06 | Received 01.05.00:<br>Plaintiff's Brief filed. |
| "        " | Record Filed. |
| Feb. 8 | Received 02-07-00:<br>Rule 80B Brief of Appellee, The Town of Raymond filed. |
| Feb. 29 | Received 02-29-00.<br>Appellant Stephen G. Yusem Rule 80B Reply brief filed |