STATE OF MAINE
SAGADAHOC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-02-08
RIC-SAG- 5/2 2003

TARYN SAGER,
                Plaintiff,

v.

ORDER ON 80B APPEAL

DONALD L. GARBRECHT
LAW LIBRARY

MAY 14 2003

TOWN OF BOWDOINHAM,
                Defendants.

Plaintiff Ms. Taryn Sager appeals the decision of the Sagadahoc County Commissioners (Commissioners) affirming the abatement of Plaintiff's real property taxes by the Board of Selectmen for the Town of Bowdoinham. The sole ground raised on appeal to the Commissioners and here was an alleged error of law in the treatment of the Circuit Breaker Program rebate in the abatement proceedings before the Board of Selectmen.

## FACTUAL BACKGROUND

Plaintiff Sager resides and owns property in Bowdoinham Maine. R. at 2. She was allowed a property tax rebate of $316.99 for the 2001-2002 tax year. The rebate comes from the Maine Residents Property Tax Program, commonly referred to as the Circuit Breaker Program. 36 M.R.S.A. § 6201-A (1990 & Supp. 2003). On March 13, 2002, the Board of Selectmen for the Town of Bowdoinham (Board) approved Plaintiff's request for a poverty abatement for the 2001-2002 tax year. R. at 16. The Board granted only a partial abatement, $800 of the total tax of $1,116.99, because they determined that it was reasonable to subtract the state property tax rebate from the amount of tax owed, before determining the abatement. R. at 2, 16. Sager appealed the legal determination "whether a poverty abatement appeal should be reduced by the amount of any property tax rebate received from the State of Maine." R. at 10-13

(correspondence between Plaintiff's counsel and Commissioners). The Commissioners denied Sager's request for an additional $316.99 abatement deciding that it was the intent of the state property tax rebate program to assist low-income taxpayers meet their property tax obligations and that it was "fair and reasonable to apply the tax rebate to the property tax obligation."[1] R. at 8-9.

## DISCUSSION

When an applicant is not satisfied with the abatement result she may appeal the decision of the municipal officers or assessors to the County Commissioners. 36 M.R.S.A. § 844(1)(Supp. 2003). Section 844 grants County Commissioners a great deal of discretion. Gilmore v. City of Belfast, 580 A.2d 698, 700 (Me. 1990) (holding that the statute gives the Commissioners authority to consider the evidence presented at a *de novo* hearing before the Commission); Town of Steuben v. Lipski, 602 A.2d 1171, 1172 (Me. 1991) (after a *de novo* hearing, the Commissioners may "grant[] such reasonable abatement as the Commissioners think proper" (quoting 36 M.R.S.A. § 844(1990))). Section 844 provides for further appeal to this court pursuant to Rule 80B of the Maine Rule of Civil Procedure. 36 M.R.S.A. § 844(1)(Supp. 2003).

On appeal from the decision of the Board of Commissioners, pursuant to Rule 80B, the court reviews the Commissioners' decision for errors of law, abuse of discretion or findings of fact not supported by substantial evidence in the record. Mason v. Town of Readfield, 1998 ME 201, ¶¶ 3, 4 n.2, 715 A.2d 179 (reviewing Superior Court's affirmation of a poverty abatement appeal before the Board of Commissioners).

Plaintiff contends that the Commissioners' determination is unsupported by law. She argues that the rebate should be included as income in determining her eligibility

---

[1] The Commissioners also found that Sager did not specifically include the rebate as income for purposes of determining the poverty abatement, although she did admit the rebate should be used

for a poverty abatement, but should not be applied directly to the amount of taxes owed.[2] The Law Court has consistently held that the purpose of the abatement statute is "'to prevent towns from forcing the sale of property in order to collect taxes from those otherwise unable to pay.'" Mason v. Town of Readfield, 1998 ME 201, ¶ 4, 715 A.2d 179 (quoting Macaro v. Town of Windham, 468 A.2d 604, 606 (Me. 1983)). See also 36 M.R.S.A. § 841(2) (1990 & Supp. 2003) (stating that municipalities may make "abatements as they believe reasonable . . . [for those who], by reason of infirmity or poverty, are in their judgment unable to contribute to the public charges."). Likewise, the statute enacting the Circuit Breaker Program expressly provides:

> Benefits received under this chapter may not be included as income for purposes of any state or municipally administered public benefit program but may be considered for purposes of determining eligibility for [poverty abatements].

36 M.R.S.A. § 6216 (1990).

The Plaintiff, the Town of Bowdoinham, and the Commissioners knew the amount of the rebate received by the Plaintiff from the Circuit Breaker Program prior to the commencement of abatement proceedings. R. at 2, 8, 14. The Commissioners determined that the rebate should be applied to the amount of tax due before determining the poverty abatement. The Legislature left such determinations to the Commissioners' independent judgment. 36 M.R.S.A. § 841(2), 844(1) (1990 & Supp.2003). The Legislature also provided the Commissioners flexibility in applying the state tax rebate to the calculation. See 36 M.R.S.A. § 6216 (1990) (stating the rebate "may be

---

for the calculation. R. at 9.

[2] The only challenge to the abatement is the method of application of the rebate, to which Plaintiff limited her appeal and the Commissioners limited their review. The issue of Plaintiff's possible eligibility for a full poverty abatement from the town in the absence of a rebate from the State, would require factual determinations to be made by the Commissioners. Town of Steuben v. Lipski, 602 A.2d at 1172 (Me. 1991) (stating if "Commissioners have not made subsidiary findings of fact and none have been requested, we will assume that the Commissioners resolved all factual issues in favor of the prevailing party").

considered for purposes of determining eligibility" for a poverty abatement). This legal determination is consistent with the clear intent of both the abatement statute and the Circuit Breaker Program statute, because it ensures that property will not be sold to pay real estate taxes and the allotted state funds will be utilized for their intended purpose. Town of Eagle Lake v. Comm'r, Dep't of Educ., 2003 ME 37, ¶ 7, ___ A.2d ___ (decided Mar. 20, 2003)(reiterating that statutory construction is a question of law and a court's main objective is to give effect to the legislature's intent). Because there is no error of law, the decision of Board of Commissioners is AFFIRMED.

The entry is

The decision of the Sagadahoc County Board of Commissioners is AFFIRMED.

Dated at Bath, Maine this 2nd day of May, 2003.


Robert E. Crowley
Justice, Superior Court