2004 ME 41

### Tina HUSTUS

v.

### TOWN OF MEDWAY.

Supreme Judicial Court of Maine.

Submitted on Briefs: Jan. 22, 2004.

Decided: March 26, 2004.

Carl E. Kandutsch, Esq., Pine Tree Legal Assistance, Inc., Bangor, for plaintiff.

G. Bradley Snow, Esq., Tanous and Snow, East Millinocket, for defendant.

Panel: CLIFFORD, RUDMAN, DANA, ALEXANDER, and LEVY, JJ.

LEVY, J.

[¶ 1] Tina Hustus appeals from a judgment entered in the Superior Court (Penobscot County, *Mead, J.*) affirming the decision of the Town of Medway Board of Appeals that granted in part and denied in part Hustus's application for a property tax abatement. The Board concluded that 36 M.R.S.A. § 841(2) (1990) authorizes a tax abatement based on poverty on the portion of Hustus's property used as her residence, but not on the portion of the property used for her retail business. Hustus contends that the Board erred in its interpretation of the statute because the statute does not distinguish between residential and commercial property. We agree with Hustus and vacate the Superior Court's judgment.

## I. CASE HISTORY

[¶ 2] Tina Hustus owns real property in Medway. The property contains a mobile home in which she resides. The mobile home is physically connected to a building in which Hustus operates a retail used-clothing store as a sole proprietor.

[¶ 3] In November 2001, Hustus submitted an application to the Town's Selectmen seeking a poverty tax abatement of her 2000 property tax bill in the amount of $2513.54 and her 2001 property tax bill in the amount of $2363.65. The Selectmen denied her application, finding that she did not prove poverty for either year. Hustus appealed to the Town of Medway Board of Appeals.

[¶ 4] The Board conducted a hearing and granted Hustus a partial tax abatement due to poverty: $368.20 for the year 2000 and $346.25 for the year 2001. It found

that the "poverty abatement concerns her primary residence and ... mobile home, [r]oof over the mobile home, [and][n]on-commercial buildings." It also made a finding that her basic needs expenditure exceeded her disposable income by $4947 for each year. Hustus appealed from the Board's decision to the Superior Court pursuant to M.R. Civ. P. 80B.

[¶ 5] The Superior Court remanded the case to the Board for additional findings of fact and conclusions of law because the Board failed to indicate how it determined Hustus's income and expenses, how it determined the abatement amounts, and how it interpreted and applied the relevant statutes. In response, the Board issued written findings of fact and conclusions of law that included its determination that the statute, 36 M.R.S.A. § 841(2), does not apply to the portion of Hustus's property used for commercial purposes:

> The Board concludes that the provisions of 36 M.R.S.A. § 841(2) do not apply to commercial properties. Although the Statute itself is silent on the issue, the Board believes that the statute was enacted so that individual "persons" would not lose their homes. The Board does not believe that the statute was designed to help people save their businesses. Accordingly, the Board does not believe that the relief provided by poverty tax abatements should be extended to commercial properties.

The Superior Court subsequently affirmed the Board's decision based on the Board's findings and conclusions.

## II. DISCUSSION

[¶ 6] The statute that authorizes poverty abatements provides that municipalities "may ... make such abatements as they believe reasonable on the real and personal taxes on all persons who, by reason of infirmity or poverty, are in their judgment unable to contribute to the public charges." 36 M.R.S.A. § 841(2). Hustus contends that the Board's construction of the statute was erroneous because the statute does not limit its coverage to the abatement of taxes on real or personal property to the extent the property is used for noncommercial purposes. The Town contends that the statute should be construed as restricted to individual persons not engaged in commercial activity and property not used for commercial purposes. The Town further contends that even if Hustus's construction of the statute is adopted, the Board acted within its discretion in denying the abatement on the commercial portion of Hustus's residence.

[¶ 7] To address these issues, we consider three questions: (A) whether Hustus is a "person" as that term is used in section 841(2); (B) whether the taxes on the portion of her Medway property used for commercial purposes are "real and personal taxes" as those terms are used in section 841(2); and (C) whether the Board acted within its discretion by concluding that it would not be "reasonable" to grant an abatement for the primary purpose of helping Hustus save her business.

## A. "Persons" Under 36 M.R.S.A. § 841(2)

[¶ 8] The definitional section of the Maine Tax Code provides that "unless the context otherwise indicates ... '[p]erson' means an individual, firm, partnership, association, society, club, corporation, financial institution, estate, trust, business trust, receiver, assignee or any other group or combination acting as a unit, the State or Federal Government or any political subdivision or agency of either government." 36 M.R.S.A. § 111(3) (Supp.2003).

[¶ 9] Hustus contends that because she is an individual, she falls within this definition. The Town asserts, however, that section 841(2)'s context indicates that sec-

tion 111(3)'s definition of "person" should not apply to the extent that Hustus's property is used for commercial purposes. The Town reasons that because the abatement is intended to help persons who are infirm or impoverished preserve their homes, an individual who employs property for commercial purposes should not be viewed as a "person" for purposes of the section 841(2) abatement.

[¶ 10] We do not decide whether section 111(3)'s definition of person applies to section 841(2) because even if it does not, Hustus must still be deemed a "person" for purposes of the abatement. There is simply no textual or contextual support for the Town's assertion that people are not "persons" for purposes of section 841(2) to the extent they are engaged in commercial activities. The taxes assessed against the portion of Hustus's real property used for commercial purposes are her personal responsibility, and not the responsibility of a separate business entity, which makes Hustus's poverty the relevant inquiry. As an individual whom the Board found to be unable to pay her real taxes due to poverty, Hustus qualifies as a "person" for purposes of section 841(2)'s poverty tax abatement.

B. "Real and Personal Taxes" Under 36 M.R.S.A. § 841(2)

[¶ 11] The Town next contends that the terms "real and personal taxes" as used in section 841(2) are limited to real and personal taxes on property used as a residence, and do not include taxes incurred on property used for commercial purposes.

[¶ 12] If the Legislature intended to exclude taxes on real or personal property used for nonresidential purposes from section 841(2)'s coverage, it could have easily so provided. The terms "real or personal taxes" are unambiguous, referring to any taxes on real estate or personal property without regard to the intended or actual use of the property. See 36 M.R.S.A. § 501(7) (1990) (defining property to "mean both real estate and personal property"); 36 M.R.S.A. § 551 (1990) (defining "[r]eal estate, for the purposes of taxation, [as] includ[ing] all lands in the State and all buildings, mobile homes and other things affixed to the same"); 36 M.R.S.A. § 601 (1990) (defining "[p]ersonal property for purposes of taxation [as] includ[ing] all tangible goods and chattels wheresoever they are and all vessels, at home or abroad"). Section 841(2) does not contain the use-related restrictions the Town would have us read into it, nor has the Town cited any legislative history that supports the view that section 841(2) does not mean what it says.[1] Accordingly, the Board erred in concluding that it need not consider the taxes associated with the nonresidential portion of Hustus's real property in determining Hustus's abatement request.

C. Determination of Reasonableness Pursuant to 36 M.R.S.A. § 841(2)

[¶ 13] The Town also contends that the Board acted within the bounds of its discretion when it concluded that it was not

_____

1. The Town cites *Macaro v. Town of Windham,* 468 A.2d 604 (Me.1983), for the proposition that section 841(2) is intended to prevent a town from forcing the sale of an individual person's home. We stated in *Macaro* that "[t]he obvious purpose of 36 M.R.S.A. § 841(2) is to prevent towns from forcing the sale of property in order to collect taxes from those otherwise unable to pay." 468 A.2d at 606. Although *Macaro* addressed the application of section 841(2) to a request for a poverty tax abatement by an individual in connection with the taxes on her residence, we did not address whether the statute is limited in application to those circumstances.

reasonable to grant Hustus an abatement of the taxes on the portion of her property used for commercial purposes because, as the Board concluded, the abatement statute does not apply to commercial properties and is not designed "to help people save their businesses."

[¶ 14] Statutory construction is a matter of law and we review decisions regarding the meaning of a statute de novo. *E.g., A.F.A.B., Inc. v. Town of Old Orchard Beach*, 2001 ME 128, ¶ 11, 777 A.2d 831, 836. Abatements under section 841(2) are available for real and personal taxes without regard to the use of the property that is the subject of the tax. It was, therefore, not within the Board's discretion to exclude from consideration the taxes associated with the portion of Hustus's real property used for commercial purposes when it determined whether to grant or deny her request for a tax abatement.

The entry is:

Judgment vacated. Remanded to the Superior Court to be remanded to the Board for further proceedings consistent with this opinion.