STATE OF MAINE
KENNEBEC, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NOs. CV-17-39
    and CV-17-40
**Consolidated**

NEWS CENTER Maine, a Maine
Corporation with a place of business
in Portland, County of Cumberland,
State of Maine,

             Plaintiff

    v.

RICKER HAMILTON, in his capacity
as the Commissioner of the Maine
State Department of Health and Human
Services, with an office in Augusta,
County of Kennebec, State of Maine,

             Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**DECISION AND ORDER**

## BACKGROUND

*Marissa Kennedy Case*

On March 6, 2018, Plaintiff, NEWS CENTER Maine, submitted a request under the Maine Freedom of Access Act ("the FOAA"), 1 M.R.S. §§ 401 *et seq.*, to Defendant, Commissioner of the Maine Department of Health and Human Services ("the Commissioner"). Plaintiff requested records related to Marissa Kennedy (age 10), who passed away on February 25, 2018, seeking (1) any case files at the Department of Health and Human Services ("the Department") including the names Marissa Kennedy, Sharon Carrillo, or Julio Carrillo and (2) any correspondence

The Department responded later the same day, denying the request because the requested records are confidential and disclosure of them at that time could jeopardize criminal proceedings, citing 22 M.R.S. §§ 4008 and 4008-A.

Petitioner appealed this decision to the Court on March 19, 2018.

Shawna Gatto is the fiancée of Stephen Hood, the grandfather of Kendall Chick. At the time of her death, Kendall Chick was living with Mr. Hood and Ms. Gatto. Criminal proceedings are currently pending against Shawna Gatto in the Lincoln County Unified Criminal Docket at Docket Number LINCD-CR-2017-887.

*Consolidated Cases*

By agreement of the parties, the Court ordered these two cases consolidated pursuant to M.R. Civ. P. 42(a). The Department drafted two press releases containing information regarding its involvement with Marissa Kennedy and Kendall Chick ("the draft press releases"). The Office of the Attorney General has advised the Department that it is concerned that public disclosure of information through the draft press releases could jeopardize the three pending criminal investigations and proceedings. Acting upon that advice, the Commissioner decided not to issue the draft press releases.

As set forth in Plaintiff's Second Amended Complaint, the allegations are as follows: Count I is a FOAA appeal for records requested regarding Marissa Kennedy; Count II is a FOAA appeal for records requested regarding Kendall Chick;

3

Count III requests the Court to order disclosure under 22 M.R.S. § 4008-A(1-A); and Count IV is an appeal pursuant to M.R. Civ. P. 80C of the Commissioner's decision not to disclose the information in the draft press releases.

## DISCUSSION

### *Counts I & II: Disclosure of Records Under 22 M.R.S. § 4008*

The court will uphold a refusal or denial to inspect or copy a record under the FOAA if the refusal or denial was for just and proper cause. 1 M.R.S. § 409(1). A determination of whether disclosure of documents under FOAA is required turns on the nature of the documents in question. *Blethen Me. Newspapers, Inc. v. State*, 2005 ME 56, 871 A.2d 523, ¶¶ 13, 28 (citing federal Freedom of Information Act principles and stating that FOIA informs analysis of Maine's FOAA). Therefore, the purpose for which records are sought under the FOAA is irrelevant. *Id.*

Under the FOAA, the general public has a right to copy and inspect any public record. 1 M.R.S. § 408-A. A "public record" is defined to specifically exclude records that have been designated confidential by statute. 1 M.R.S. § 402(3)(A).

Title 22 M.R.S. § 4008(1) provides:

> All department records that contain personally identifying information and are created or obtained in connection with the department's child protective activities and activities related to a child while in the care or custody of the department, and all information contained within these records, are confidential and subject to release only under the conditions of subsections 2 and 3.

4

Subsection 2 allows for permissive disclosure of information to specifically designated agencies and persons. 22 M.R.S. § 4008(2)(A)-(M). Subsection 3 provides for mandatory disclosure of information to specifically identified agencies and persons. 22 M.R.S. § 4008(3)(A)-(M). Plaintiff clearly does not fall into any of those categories and does not argue as such. Unauthorized disclosure is a Class E crime. 22 M.R.S. § 4008(4). There is no exception or provision in Title 22 allowing for the redaction of records deemed confidential.

After an *in camera* review of the two sets of requested records, the Court finds that all the requested documents both contain personally identifying information and were created or obtained in connection with the Department's child protective activities. For this reason, the requested records are confidential and cannot be obtained through the FOAA. The Court finds that the denial of the records by the Department was for just and proper cause and, therefore, judgment on Counts I & II will be entered for the Commissioner.

*Count III: Disclosure of Information Under 22 M.R.S. § 4008-A(1-A)*

For the purpose of complying with federal law in order to receive federal funding, the Maine Legislature enacted 22 M.R.S. § 4008-1(1-A)[1] which states:

---

[1] The Child Abuse Prevention and Treatment Act (CAPTA) is a federal law providing grants to states to improve their child protective services systems in various areas. 42 U.S.C. § 5106a(a). One such area is that the state must have in effect "provisions which allow for public disclosure of the findings or information about the case of child abuse or neglect which has resulted in a child fatality or near fatality." 42 U.S.C. § 5106a(b)(2)(B)(x). The legislative history shows that 22

5

> The commissioner [of the Department] shall make public disclosure of the findings or information pursuant to this section in situations where child abuse or neglect results in a child fatality or near fatality, with the exception of circumstances, as determined with the advice of the Attorney General or appropriate district attorney, in which disclosure of child protective information would jeopardize a criminal investigation or proceeding.

The statute sets forth specific categories of information which may be disclosed, including the name and age of the child; determinations made by an agency investigating alleged abuse or neglect, and the findings upon which such determinations were made; identification of any child protective or other services provided and actions taken regarding the child and his or her family; and whether the agency substantiated any report of abuse or neglect. 22 M.R.S. § 4008-A(2).

A plain reading of this statute shows that if, as here, the Commissioner determines with the advice of the Attorney General's Office, that disclosure would jeopardize pending criminal investigations or proceedings, he has the discretion to choose not to disclose, despite the mandatory disclosure requirement of section 4008-A(1-A). The Defendant asserts that no cause of action exists under this statutory provision.

If a statute does not explicitly state that a cause of action exists, the court must determine whether a cause of action is implied. *Charlton v. Town of Oxford*, 2001

---

M.R.S. § 4008-A(1-A), which contains nearly identical language, was enacted for the sole purpose of bringing Maine into compliance with CAPTA. (*See* Pl.'s Br. Ex 5 and Def.'s Br. Ex. B).

6

ME 104, ¶ 15, 774 A.2d 336. "The key to determining whether there is an implied cause of action lies in the legislative intent, expressed either in the statute or the legislative history." *Id*. The court in *Charlton* used statutory interpretation principles to divine legislative intent, including an examination of where the relevant section fell within the statutory scheme. *Id*. at ¶ 16.

Here, the legislative history shows that section 4008-A(1-A) was enacted solely to bring Maine into compliance with CAPTA, a federal law granting funding to states to improve their child protective services.[2] There is no indication in the legislative history that the legislature intended to create a new cause of action.

An analysis of the statutory scheme further supports the view that a cause of action was not contemplated to exist under Section 4008-A(1-A). Section 4008-A is found in Title 22, Chapter 1071, entitled the "Child and Family Services and Child Protection Act," §§ 4001-4099-H. Within the general provisions of that chapter, in which section 4008-A is found, section 4006 specifically provides a mechanism for appeals for "a party aggrieved by an order of a court entered pursuant to section 4035, 4054 or 4071." As section 4008-A is not included, while three other sections specifically are, it is reasonable to conclude that the Legislature only intended to provide a cause of action under those three sections. Moreover, Section 4008 deals with the confidentiality and the permissive and mandatory disclosure of records and

---

[2] See note 1, *infra*.

7

contains a separate and specific subsection providing for the appeal of a denial of disclosure of records. *See* 22 M.R.S. § 4008(7). Section 4008-A(1-A) addresses the public disclosure of information by the Commissioner and does not have any provision authorizing an appeal or other form of judicial review of the Commissioner's determination that such public disclosure of child protective information would jeopardize a criminal investigation or proceeding, thereby supporting the conclusion that the Legislature did not intend to create such a cause of action under these circumstances.

For the foregoing reasons, the Court finds that a cause of action does not exist under 22 M.R.S. § 4008-A(1-A) under the facts of these cases and, therefore, Count III will be dismissed.[3] In any event, if there is a mechanism for appeal or judicial review with respect to the Commissioner's determination not to make a public disclosure under section 4008-A(1-A) it would seem to be pursuant to Rule 80C and the Maine Administrative Procedure Act, which is discussed below in the context of Count IV of the Second Amended Complaint.

---

[3] The Court's finding that Plaintiff has no cause of action is confined to the facts of these cases. The Court does not speculate as to whether judicial relief would be available if, for example, the Commissioner refused to make a disclosure when there was no criminal proceeding or investigation.

8

## Count IV: 80C Appeal of Agency Inaction

When an agency decision affects the "rights, duties or privileges of specific persons, an aggrieved person can challenge that decision by filing a petition for review with the Superior Court." M.R. Civ. P. 80C; *Conservation Law Found. v. Dep't of Envl. Prot.* 2003 ME 62, ¶ 19, 823 A.2d 551 (emphasis added). The Maine Administrative Procedure Act similarly states that "any person aggrieved by the failure or refusal of an agency to act shall be entitled to judicial review thereof in the Superior Court." 5 M.R.S. § 11001(2) (emphasis added). The term "aggrieved" is undefined in the Maine Administrative Procedure Act. The Law Court has previously found that to be "aggrieved," a party must suffer a particularized injury, distinct from any injury experienced by the public at large. *Lindemann v. Comm'n on Governmental Ethics & Election Practices*, 2008 ME 187, ¶ 14, 961 A.2d 538.

Here, the injury suffered by Plaintiff as a result of the Commissioner's decision not to issue the draft press releases after consultation with the Office of the Attorney General, is indistinguishable from that of the general public. By virtue of the Commissioner's decision, Plaintiff does not have the information it seeks. Likewise, the general public does not have the information Plaintiff seeks. Additionally, Rule 80C appeals apply to two categories of agency administrative action: adjudication and rulemaking. *See* 5 M.R.S. §§ 8001 *et seq.* The

9

Commissioner's decision falls into neither of these categories. An agency rule was not created and an adjudicatory decision having an effect on the rights, duties, or obligations of the parties was not issued. Plaintiff has no right to the records containing this information because they are not public records (see discussion on Counts I & II, above). Therefore, the Commissioner's decision not to disclose information contained in those records does not affect Plaintiff's rights and is thus not adjudicatory.

For these reasons, the Court concludes that Plaintiff does not have standing to bring a Rule 80C appeal of the Commissioner's decision not to issue the draft press releases. Therefore, Count IV will be dismissed. In the event the Court's determination on this point is incorrect, however, the Court finds it prudent to discuss the merits of the Rule 80C claim.

Court review of a discretionary agency decision is subject to the abuse of discretion standard. *Sager v. Town of Bowdoinham*, 2004 ME 40, ¶ 11, 845 A.2d 567. "An abuse of discretion may be found where an appellant demonstrates that the decisionmaker exceeded the bounds of the reasonable choices available to it, considering the facts and circumstances of the particular case and the governing law." *Id.*

Plaintiff contends that the Court must compare the draft press releases to the complete Department records on Marissa Kennedy and Kendall Chick to review for

10

accuracy and completeness. The Court finds that such an inquiry is inappropriate. State agencies are presumed to act in good faith. *Rossignol v. Me. Public Employees Retirement System*, 2016 ME 115, ¶ 4 n.3, 114 A.3d 1175. Instead, the Court's role in this Rule 80C review (assuming the Court has jurisdiction to engage in such judicial review) is to determine whether, based on the information in the draft proposed disclosures, it was an abuse of discretion for the Commissioner upon the advice of the Attorney General's Office, to decide that public disclosure of that information would jeopardize the pending criminal investigations and proceedings.

After review of the draft press releases under seal in the Court's file, the Court concludes that it was not an abuse of discretion or outside the bounds of a reasonable decision for the Commissioner to determine upon advice of the Attorney General's Office, that issuance of the draft press releases would jeopardize the pending criminal investigations and proceedings. For this alternative reason, judgment on Count IV will be entered for the Commissioner.

Acknowledging that it is dicta, the parties requested that the Court provide guidance as to when the Commissioner could make the public disclosures required by 22 M.R.S. §4008-A(1-A) without risk of jeopardizing the pending investigations and proceedings. In the Court's view, the Commissioner's determination that public disclosure would jeopardize the pending investigations and proceedings remains in

effect until the three pending criminal proceedings in the Waldo and Lincoln County Unified Criminal Dockets are completed.

## CONCLUSION

The entry is:

Judgment for the Defendant on Counts I and II of the Second Amended Complaint.

Counts III and IV are dismissed for lack of jurisdiction. Alternatively, judgment for the Defendant on Count IV of the Second Amended Complaint.

The clerk is directed to incorporate this Decision and Order into the dockets of these consolidated cases by notation reference in accordance with M.R.Civ.P. 79(a).

DATE:  May 3, 2018

William R. Stokes
Justice, Maine Superior Court

12