STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, SS.                           CIVIL ACTION
                                        DOCKET NO. AP-19-04


NICHOLAS GLADU,
        Petitioner

v.                                      **DECISION AND ORDER**
                                        (M.R.Civ. P. 80C)


MAINE DEPARTMENT
OF CORRECTIONS,
        Respondent


Before the court is Petitioner Nicholas Gladu's (Gladu) M.R.Civ. P. 80C Appeal of

Final Agency Action against the Maine Department of Corrections (DOC). For the reasons

explained below, the court finds that Gladu's appeal should be denied.

## BACKGROUND

Gladu is a prisoner incarcerated at the Maine State Prison (MSP) in Warren, Maine.

Gladu, as part of an administrative proceeding in front of the State of Maine Board of

Licensure in Medicine (BLM), wished to send documents to that agency via mail. Because

the mail contained nine pages of documents, it exceeded his weekly limit for free postage.

Gladu asked that it be classified as "privileged mail" so that MSP would affix the necessary

postage without charge to him. After MSP refused, Gladu filed a grievance on September

24, 2018, which MSP denied. Gladu appealed the decision until his administrative

remedies were exhausted, and then filed a petition with this court challenging MSP's refusal to consider his mail to BLM privileged mail.

## STANDARD OF REVIEW

When an administrative agency's decision is appealed pursuant to M.R.Civ. P. 80C, this court reviews the agency's decision directly for abuse of discretion, errors of law, or findings not supported by the evidence. *Centamore v. Dep't of Human Servs.*, 664 A.2d 369, 370 (Me. 1995). "An administrative decision will be sustained if, on the basis of the entire record before it, the agency could have fairly and reasonably found the facts as it did." *Seider v. Bd. of Exam'rs of Psychologists*, 2000 ME 206, ¶ 9, 762 A.2d 551. The court will "not attempt to second-guess the agency on matters failing within its realm of expertise," meaning judicial review is limited to "determining whether the agency's conclusions are unreasonable, unjust or unlawful in light of the record." *Imagineering, Inc. v. Superintendent of Ins.*, 593 A.2d 1050, 1053 (Me. 1991). "When a dispute involves a board or agency's interpretation of a statute it administers, 'the agency's interpretation, although not conclusive, is entitled to great deference and will be upheld unless the statute plainly compels a contrary result.'" *SAD 3 Educ. Ass'n v. RSU 3 Bd. of Dirs.*, 2018 ME 29, ¶ 14, 180 A.3d 125

## DISCUSSION

Gladu contends that it was clearly erroneous for MSP to refuse to consider his mail privileged mail for the purposes of the required postage. Department Policy 21.2, Prisoner

Mail, generally states that "[t]here shall be no limit on the amount of outgoing mail a prisoner is allowed to send, provided the prisoner has sufficient funds to pay for postage." Policy 21.2, Proc. A(4). The policy further states that every prisoner shall be "offered free postage for up to two (2) one-ounce letters per week, which may not be carried over from week to week." *Id.* Proc. B(1). When "a piece of general mail is not included within a prisoner's free mail allotment and the prisoner does not pay for the correct amount of postage, the mail shall be returned to the prisoner." *Id.* Proc B(11).

Gladu relied on Policy 21.2, Proc. D(11), which provides that privileged mail shall have free postage affixed. Policy 21.2, Proc. D(1) defines privileged mail (also known as legal mail) as:

> Correspondence concerning a legal matter or official government business involving the prisoner if the correspondence is between that prisoner and any of the following:
> a. attorney, paralegal, or private investigator;
> b. judge, court clerk, or court;
> c. Maine Human Rights Commission;
> d. appointed or elected government official, including, but not limited to, the President, the Governor, commissioner of a state agency (other than the Commissioner of Corrections, except as set out below), federal or state senator or representative, or tribal chief;
> e. advocate from a government agency; and
> f. legal advocacy organization, including, but not limited to, American Civil Liberties Union of Maine, Maine Equal Justice Partners, GLBTQ Legal Advocates & Defenders (GLAD), Disability Rights Maine, NAACP Legal Defense Fund, and National Lawyers Guild.

3

Department Policy 21.2, Proc. D(1). Gladu argues that his mail to BLM falls under 21.2, Proc. D(1)(d), as mail to a state agency, and that DOC's interpretation of the policy excluding his mail from that clause, is clearly erroneous and subject to judicial review. Because independent contractors provide medical advice and services to DOC prisoners, and are "frequently subject to complaints of inadequate medical care by [M]DOC prisoners," Gladu argues that the reason DOC refused to consider his mail privileged mail was to "insulate its contracted medical providers from professional oversight." *Pet.'s Brief at 2-3.*

DOC, on the other hand, argues that Gladu's interpretation of the relevant clause is overbroad, and that in order for mail to a state agency to be privileged, the correspondence must be with the commissioner of the state agency, an agency official that was appointed or elected, or an advocate from the agency. In short, DOC argues that because Gladu's mail correspondence was addressed only to BLM itself, and not to an appointed or elected BLM member, his correspondence was not privileged mail as defined in the policy. DOC points out that mail to a state agency itself, with the exception of the Maine Human Rights Commission, is not considered privileged. The Department also dismisses Gladu's argument that the exclusion works to insulate medical providers at the prison from professional oversight by noting that, in addition to privileged mail, DOC prisoners may also correspond with BLM by using the free postage they are afforded each week, and by paying for the necessary postage themselves. Accordingly, DOC argues that, even though

4

Gladu may have been unable to pay for the necessary postage to send all the documents he wished to within a single week, his lack of funds does not render the policy a meaningful barrier to professional oversight by BLM.

The court's review in Rule 80C appeals is "deferential and limited." *Watts v. Bd. of Envtl. Prot.*, 2014 ME 91, ¶ 5, 97 A.3d 115. A party appealing a decision committed to the reasonable discretion of an agency has the burden of demonstrating that the decisionmaker abused its discretion in reaching the decision under appeal. *See Sager v. Town of Bowdoinham*, 2004 ME 40, ¶ 11, 845 A.2d 567. "An abuse of discretion may be found where an appellant demonstrates that the decisionmaker exceeded the bounds of the reasonable choices available to it, considering the facts and circumstances of the particular case and the governing law." *Id.* As noted above, an agency's interpretation of its own rule or statute is entitled to great deference and will be upheld unless it "plainly compels a contrary result." *SAD 3 Educ. Ass'n v. RSU 3 Bd. of Dirs.*, 2018 ME 29, ¶ 14, 180 A.3d 125; *see also Forest Ecology Network v. Land Use Regulation Comm'n*, 2012 ME 36, ¶ 41, 39 A.3d 74 (quoting *Nelson v. Bayroot*, 2008 ME 91, ¶ 17, 953 A.2d 378 ("We give 'considerable deference' to an agency's interpretation of its own rules, and the agency's interpretation will not be set aside 'unless the regulation or rule compels a contrary interpretation.").

Gladu is unable to overcome this burden. As DOC correctly asserts, the language of the rule clearly requires the mail to be addressed to an elected or appointed official of a

5

state agency in order for it to be considered privileged mail. This is how DOC interprets this rule and the court cannot say that its interpretation exceeds the bounds of the reasonable choices available to it. To the contrary, given that the clause allows privileged mail to an "appointed or elected government official," and not a state agency as Gladu contends (the Maine Human Rights Commission being the sole exception), the Department's interpretation much more closely tracks the language of the clause than the one advanced by Gladu.

Although DOC's interpretation resulted in Gladu being unable to send his documents to BLM in one week, the court also agrees that the rule is not a meaningful barrier to professional oversight by BLM. The rule does not prevent Gladu from sending privileged mail to BLM; it only requires that he send the mail to an elected or appointed government official within BLM, assuming the mail otherwise meets the definition of "privileged" mail. That Gladu failed to properly address his mail does not render the rule a barrier to professional oversight by BLM. Because the Department's interpretation is reasonable, and because it does not unreasonably restrict mail to BLM or protect the medical providers for the correctional system from BLM oversight, Gladn's claim must fail.

## CONCLUSION

The entry is:

The Petition for Judicial Review is DENIED and the decision of the Department of Corrections is AFFIRMED.

The Clerk is directed to incorporate this order into the docket by reference pursuant to M.R. Civ. P. 79(a).

November 26, 2019

William R. Stokes
Justice, Superior Court