STATE OF MAINE
PENOBSCOT, SS

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-22-01

SANDRA APEAR,
  Plaintiff,

)
)
)
)
)
)
)
)
)

ORDER

v.

TOWN OF DOVER FOXCROFT,
  Defendant.

This is an appeal pursuant to M.R. Civ. P 80B of a decision by the Piscataquis County Commissioners denying a property tax abatement for Ms. Spear's 2021 property taxes committed by the town of Dover Foxcroft.

Upon written application, a municipality can abate the property taxes assessed on an applicant's primary residence by reason of hardship or poverty, when the applicant is "unable to contribute to the public charges." 36 M.R.S. § 841(2). In a town such as Dover Foxcroft, the applicant can appeal an adverse result to the county commissioners for the county in which the town is located. The commissioners are to hold a new hearing and review the town's decision *de novo*.

Sandra Spear is the sole owner of her primary residence in Dover Foxcroft where she lives alone. According to the abatement request she submitted to the town, her sole income is SSI in the amount of $794 per month, she owns a 13 year-old car, has $50 in her checking account, and her expenses exceed her income. Her 2021 real estate tax was $ 2,010.25. The Town denied her request, stating that she paid her taxes for the previous year in full, the 2021 taxes were not


Entered on the
Docket: 9-2-22

1


PISCATAQUIS JUD CTR
SEP 7 '22 AM 11:05

yet fully due, additional assistance programs for payment of taxes were available, and there was no risk of property loss. She appealed the decision to the County Commissioners.

Ms. Spear presented evidence at the Commissioner's hearing similar to the representations she made to the Town. Her income remained SSI only, but it had increased from $794 per month to $851 per month plus a $10 state supplement. She receives SNAP benefits (food stamps) and spends an additional $130 each month for food. Her remaining expenses are extraordinarily modest. Additionally, she used the proceeds of a federal stimulus check to help pay her 2020 real estate taxes, as well as the proceeds from the Property Tax Fairness Credit[1]. The Commissioners questioned whether she was disabled (despite her receipt of SSI) and she responded that she was disabled and felt uncomfortable discussing the precise nature of her disability. They also inquired of the availability of a less expensive home. The Commissioners also found that she received Maine Care and "other benefits", although there was no evidence of this submitted at the hearing. There were many other inaccuracies in their findings. Ultimately, they accepted the Town's findings and decided she had the possibility of making partial payments and, thus, could contribute to the public charges.

Municipal officers have broad authority to determine if a taxpayer is unable to contribute to the public charges. *Gilmore v. City of Belfast*, 580 A.2d 698, 700 (Me. 1990). On appeal, it is the taxpayer's burden to persuade the court that the record compels a finding that the taxpayer is unable to contribute to the public charges. *See Joyce v. Town of Lyman*, 565 A.2d 90, 90(Me. 1989). Put another way, the taxpayer must demonstrate the decision maker abused its discretion in reaching the decision being appealed. This occurs when the taxpayer demonstrates that the

---

[1] This is a credit available in the income tax year following the year in which real estate taxes that are the subject to the credit are to be paid. The Court has combed the file and cannot find the amount of the credit received in 2021.

2

decisionmaker exceeded the bounds of all choices available to it. *Sager v. Town of Bowdoinham,* 2004 ME 40, ¶ 11, 845 A.2d 567.

The appellant has met that difficult burden. There is no question raised about the extent of Ms. Spear's income, as well as the amount of tax assessed. The Town questions the accuracy of her expenses, however. The Commissioners made no finding that her expenses were inflated or unreasonable – and, how could they? Each category of expense that is part of the record is extremely modest and it strains credulity to think, in this day and age that spending $10,000 per year on life's necessities (excluding rent or mortgage) is excessive. The Commissioners were compelled to accept Ms. Spear's evidence of her income and were compelled to find that her reasonable expenses exceeded her income. Although the reasons supporting the denial are not clearly relevant, the court will address each one. The fact she paid her taxes in 2020, the year of stimulus checks, doesn't mean that she had the ability to pay 2021 taxes. Acknowledging that the goal of poverty tax abatement is to decrease the risk of loss of real estate for nonpayment of real estate taxes, the fact that there is no present risk of property loss doesn't mean that risk won't arise in the future if Ms. Spear is unable to pay her taxes. Concerning the fact that the taxes for the entire year were not yet due at the time of the hearing, the 2021 taxes were committed and were not going to change. The fact that Ms. Spear could pay a little each month only spreads out the pain and eventually she wouldn't even be able to do that. Finally, there is no evidence that Ms. Spear could avail herself of any additional assistance program, and there is no requirement that she do so. The availability of the Property tax fairness Credit will be addressed in the forthcoming Order in this case.

Although one could debate whether the holding of *Macaro v. Town of Windham, 468 A.2d 604, 606 (Me. 1983)* mandates granting a poverty abatement when the applicant's expenses

3

exceed income, it is certainly an extremely important factor to be considered in reaching a decision on the abatement request. Here, it is perfectly clear that Ms. Spear's reasonable expenses exceed her income. Additionally, her income is so meagre that there is no room to take from one line to make a periodic mortgage payment and that keep repeating that exercise, because there is just not enough to work with and eventually even that approach would have to be abandoned. Simply put, the commissioners were compelled to find that Ms. Spear was unable to contribute to the public charges. This case is remanded for the Commissioners to enter a decision indicating a full abatement minus the amount Ms. Spear received in 2021 as a Tax Fairness Credit. The applicant shall provide proof of that amount to the Commissioners. Failing to consider this credit would create a real estate tax windfall for Ms. Spear for 2021 real estate taxes.

The entry is: Appeal Granted. Case remanded to the Piscataquis County Commissioners to grant the abatement in a manner consistent with this Order.

8/1/22
_____
Dated

William Anderson, Justice
Maine Superior Court

4